**C. R. PETERSON, Petitioner,**

v.

**Leo OXBERGER, Judge of the Fifth Judicial District In and For Polk County, Iowa, Respondent.**

**No. 55427.**

Supreme Court of Iowa.

March 28, 1973.

Henry Wormley, Joseph Z. Marks, and Ralph L. Powers, Des Moines, for petitioner.

Richard C. Turner, Atty. Gen., and Roxanne Barton Conlin, Asst. Atty. Gen., for respondent.

UHLENHOPP, Justice.

We have here an administrative law problem relating to the remand of a case by the district court to the Iowa Civil Rights Commission.

C. R. Peterson owned an apartment house in Des Moines, Iowa. One of his tenants was a black man, Bhagwart N. Persaud. Peterson notified Persaud to vacate. Persaud claimed this was because he is black; Peterson contended it was because Persaud held a noisy party and violated other rules.

Persaud complained to the Iowa Civil Rights Commission. The Commission investigated the complaint and sent out "testers" (a black person who tries to rent an apartment, followed by a white person who does the same). Formal proceedings charging discrimination were then initiated before the Commission. The charges were heard by a hearing examiner who found discrimination existed. The matter was not presented to or passed upon by a quorum of the Commission, but the hearing officer and one member of the Commission signed a cease-and-desist order containing various provisions. Peterson attempted to

appeal that order to district court. See Code 1973, § 601A.10(1) and (2).

In his petition in district court, Peterson alleged in part:

> That the Hearing Examiner and the Commissioner do not have jurisdiction to make the Order which they or either of them have filed in this case.

Respondent Judge heard the appeal in district court. Among other issues before him was the question of whether the order was appealable to district court since it was not rendered by the Commission. The Assistant Attorney General evidently concluded that the order was not appealable, and suggested that the case be remanded to the Commission for order. Peterson resisted. Respondent Judge entered this order:

> The Court finds that the said Commission failed to follow statutory procedures in that it did not submit the findings of the hearing officer to the full Commission for approval, but that only one Commissioner acted in behalf of the Commission.
>
> It Is Therefore Ordered that this matter shall be remanded to the Iowa Civil Rights Commission for action by the full Commission.

Peterson then petitioned us for a writ of certiorari to test respondent's order. We granted a writ. The sole question before us is whether the district court acted illegally or beyond its jurisdiction in remanding the case to the Commission for order.

The procedure of the Commission is prescribed in chapter 601A of the Code of 1973. The Commission consists of seven members of which four constitute a quorum. §§ 601A.3, 601A.4. Aggrieved persons may file complaints with the Commission; Commission personnel investigate the complaints; if a complaint appears to be of substance, the personnel attempt conciliation; and if conciliation is not successful, the Commission causes notice to be given and the Commission, a commissioner, or an examining officer designated by the Commission holds a hearing. § 601A.9. Section 601A.9(12) then provides:

> If, upon taking into consideration all the evidence at a hearing, the *commission* shall find that a respondent has engaged in or is engaging in, any discriminatory or unfair practice as defined in this chapter, the *commission* shall state its findings of fact and shall issue and cause to be served upon such respondent an order requiring such respondent to cease and desist from such discriminatory or unfair practice and to take such affirmative action . . . as in the judgment of the *commission* shall effectuate the purposes of this chapter. (Italics added.)

 This statute makes clear that orders such as the purported cease-and-desist order we have here are to be rendered by the *Commission* after it has taken into consideration all the evidence at the hearing. This purported order was not so rendered and is of no effect. Peterson was right when he so alleged. The district court should simply have dismissed the appeal to it.

Writ sustained.